CHARLES T. TREGO ET AL., PLAINTIFFS IN ERROR, V. THOMAS W. LOWREY ET ALS., DEFENDANTS IN ERROR.

1. **Pleading:** ADMISSIONS OF RECORD: BILL OF EXCHANGE: INDORSER: ACCEPTANCE. Lincoln, a member of the firm of L. & L., drew a draft at sixty days' sight on the firm of T. & S., and indorsed it with the name of his firm. The draft was then discounted by the plaintiff for the benefit of the firm indorsing it, and then forwarded to the drawers, and by them accepted. Action against the individuals composing the two firms on the draft; T. & L., the acceptors, answered, admitting their liability to the plaintiff, but, as against the indorsers, alleged the acceptance was an accommodation merely, and for their benefit, and prayed that it be so certified in the judgment. Lincoln was not summoned, nor did he answer. Lowrey answered, denying his liability on the ground of the unauthorized use of the firm name by Lincoln in the indorsement, and in reply to the answer of T. & S. denied that they were accommodation acceptors for L. & L., but that the acceptance was for Lincoln alone, and for value. At the trial Lowrey stipulated for judgment against himself according to the prayer of the petition. *Held*, that this was a virtual admission of the validity of the indorsement, and of his liability under it, and left but the single question of principal and surety between the defendants to be tried. *Held, further,* that on this question, the verdict being against the clear weight of the evidence, a new trial should be granted.

2. **Acceptance of Draft:** PRESUMPTION. The legal presumption arising from the acceptance of a draft is that the acceptor

has funds of the drawer in his hands with which to pay it at maturity. But as between the acceptor and the drawer, indorser, or other holder, for whose accommodation the acceptance was given, this presumption may be rebutted, and the true relation of the parties to each other shown.

ERROR from the district court for Lancaster county. The action there was brought by the State National Bank against the plaintiffs in error and defendants in error, upon a draft drawn by Lincoln, one of the defendants in error, upon the plaintiffs in error, endorsed by Lowrey, Lincoln & Co., and cashed by the bank. Upon the issues submitted to the jury, they found that "Charles T. Trego and Thomas P. Smith are principals, and Thomas W. Lowrey and W. C. Lincoln are surety for the firm of Trego & Smith." Judgment in favor of the bank and against Trego & Smith as principals, and Thomas W. Lowrey surety, Lincoln not being summoned. Motion for new trial overruled. Exceptions. Cause brought up by petition in error.

*Mason & Whedon*, for plaintiffs in error.

The only issue for trial was between Trego & Smith and Thomas W. Lowrey, and this issue is not found by the jury, but the verdict of the jury does negative a fact admitted by the pleadings. This the jury could not do. *Watts v. Greenlee*, 2 Dev. N. C. L., 87.

The verdict does not respond to the issue, and is bad, and no judgment should have been rendered on it. *Moody v. Kaner*, 7 Port., Ala., 218. *Patterson v. United States*, 2 Wheat., 221. *Barnett v. Watson*, 1 Wash., Va., 272. *Garland v. Davis*, 4 How., 131. *Kilbourn v. Wattrous*, Kirby, Conn., 424. *Wood v. McGuire*, 17 Ga., 361. *Groves v. Bailey*, 24 Miss., 588. *Parker v. Moore*, 1 Mo., 495. *Brockway v. Kinney*, 2 Johns, N. Y., 210. *Vines v. Brownrigg*, 2 Dev. N. C. L., 537.

*Kesler v. Zimmerschitte,* 1 Texas, 50. *Hardy v. DeLeon,* 5 Texas, 211. *Hall v. York,* 16 Texas, 18. *Ronge v. Dawson,* 9 Wis., 246.

The verdict must respond to the issue. In this case the verdict found facts not put in issue by the pleadings, and it was so far nugatory; and notwithstanding this, the court rendered judgment upon these facts against the admissions of William C. Lincoln. *United States v. Stereoscopic Shields,* Sprague, 465. *Jenkins v. Parkhall,* 25 Ind., 473.

The general rule is that the verdict must comprehend the whole issue or issues submitted to the jury in the particular case; otherwise the judgment founded on it will be reversed. *Middleton v. Quigley,* 12 N. J. L. (7 Hals.), 352. *Brown v. Chase,* 4 Mass., 436. *Holmes v. Wood,* 6 Mass., 1.

In this suit it was admitted that William C. Lincoln was the principal in the draft or bill of exchange upon which this suit is brought, and that Trego & Smith were accommodation indorsers. This is shown by the record. The pleadings exhibit this state of facts, and William C. Lincoln swears to the same, and there is nothing in the record or the evidence to show or establish a different state of facts; and yet the verdict of the jury finds that William C. Lincoln, as well as Lowrey, were only sureties for Trego & Smith on the draft in question. Such a verdict cannot stand, and the judgment entered thereon is erroneous.

*T. M. Marquett* and *James E. Philpott,* for defendants in error.

On the opening of the case on trial, Philpott, of counsel for Lowrey, said: "The firm of Lincoln & Lowrey make no defense against the plaintiffs' claim, however much defense we have;" and Mason, of counsel

for the defendants, Trego & Smith, said: "We don't claim that the defense of Trego & Smith constitute any defense against the bank."

Of the issues joined at the trial of this cause the only issues tried were those joined by the pleadings of Trego & Smith and the pleadings of Thomas W. Lowrey, and the issues so joined are made up of a number of facts therein affirmed and denied, making the actual issue tried and submitted to the jury, stating it in the language of Lowrey's reply to Trego & Smith,—"He denies that the said Trego & Smith are only accommodation indorsers on said draft, and he alleges they are principals on the same." And to this issue the verdict is responsive, and judgment properly rendered upon it. It did not appear on the trial, nor does the record disclose it as a fact, that Lowrey stipulated for a judgment in favor of the plaintiff and against himself. The counsel for all the defendants having said in open court that they made no defense as against the plaintiffs' petition, and it being one of the issues tried whether Trego & Smith were principals and Lowrey & Lincoln surety for said Trego & Smith, it was properly found by the jury as by them stated in their verdict. It matters not that William C. Lincoln made default, having fraudulently endorsed the draft; it was in keeping with his whole prior transaction with Trego & Smith, that he should not only make "default," but also swear that Trego & Smith were "accommodation acceptors for himself and Lowrey," a legal conclusion which the jury by their verdict did not find sustained by the facts. Counsel for Trego & Smith cite authority to sustain their position, that the jury cannot by their verdict negative a fact admitted by the pleadings. Having done so, can they cite the facts admitted which the verdict negatives? They also cite a number of authorities to the effect that a verdict which does not respond to the

18

issue is bad.   Can they cite the issue, or issues, tried
to the jury to which the verdict does not respond?  The
attack thus made on the verdict will not be sustained
by Lincoln's default.   Lincoln's testimony that Trego
& Smith are accommodation acceptors, and counsel's
statement that Lowrey stipulated for a judgment in
favor of the plaintiff, and especially so when Lincoln's
testimony is impeached by many witnesses and coun-
sel's statement, is not sustained by the record.

If the verdict did find that William C. Lincoln is but
surety to Trego & Smith, that would not render the
judgment void, that Thomas W. Lowrey is only surety.
For a judgment may be void as to one who does not
appear (as Lincoln in this case), and good as to him
who does appear.   *Mercer v. James*, 6 Neb., page 410.


LAKE, J.

The action in the court below was brought on a draft
drawn by William C. Lincoln and indorsed by the
firm of Lowrey, Lincoln & Co., of which the said Lin-
coln and Lowrey were members.   Thereupon the draft
was discounted by the State National Bank—the plain-
tiff below—and afterwards forwarded to Trego & Smith,
the drawees, by whom it was duly accepted.

The action was against the individual members of
the respective firms by which the draft was indorsed,
and accepted, and, with the exception of Lincoln, they
were all served with summons, and answered the peti-
tion.   The plaintiffs in error admitted all the material
allegations of the petition, but, as against their co-
defendants, Lowrey and Lincoln, alleged that their
acceptance was as an accommodation merely, for which
they had received no valuable consideration whatever,
and prayed that, in the judgment to be rendered, Low-
rey and Lincoln be held as principals, and they as

sureties merely. Lowrey in his answer denied the authority of Lincoln, by whom the indorsement of the draft was made, to use the firm name for that purpose.

But, notwithstanding Lowrey had thus denied the authority of his co-partners to so use the firm name, when the case was called for trial he conceded his liability under it to the bank, and stipulated for judgment against himself according to the prayer of the petition. This done, the only remaining question in issue was that of principal and surety between Trego and Smith and Lowrey, Lincoln & Co.; in other words, whether Trego & Smith accepted the draft without consideration, and as an accommodation simply to Lowrey, Lincoln & Co.

Owing to the indefiniteness of assignment, the only one of the alleged errors to be considered is that which alleges the verdict to be against the evidence and the law of the case. Although there was but this single and very simple question to be settled, the trial was allowed to take a very wide range indeed, resulting in a most voluminous record of evidence, the greater part of which is entirely immaterial.

The legal presumption arising from the unexplained acceptance of a draft doubtless is, that the acceptor has funds of the drawer with which to pay it at maturity. But, as between the acceptor and the drawer and indorsers for whose accommodation the acceptance was given, this presumption may be rebutted, and the exact relation of the parties to each other shown. Mr. Story, in his work on Bills of Exchange, sec. 253, 3d Ed., says: "So where a bill is accepted for the mere accommodation of the drawer or other holder it is obvious that such person can have no claim upon the acceptor under the acceptance; for as between them no value exists, or has passed."

Now the record shows very clearly that the accept-

ance in question was for the benefit of Lowrey and Lincoln, and for which Trego and Smith received no value whatever. Both Trego and Smith, as well as Lincoln, the drawer of the draft, swear positively and unequivocally, that the acceptance was given merely as an accommodation, and in pursuance of an arrangement made a few days before, whereby they had agreed to aid Lowrey and Lincoln in certain wheat transactions by accepting drafts for them, for from two to six thousand dollars, on sixty days time, and for which Lowrey and Lincoln were to provide means of payment. Indeed, it is conceded that this draft was discounted by the bank on the indorsement of Lowrey and Lincoln, and the proceeds placed to their credit, before it was forwarded to Trego & Smith for their acceptance.

And as to the fact that Lowrey and Lincoln furnished no means to Trego and Smith with which to pay the draft there is no dispute. Trego, Smith and Lincoln all swear that not a dollar was furnished for that purpose. And even Lowrey himself, in his oral examination on the witness stand, substantially admitted this to be so by conceding that Trego & Smith had no money then in their hands belonging to Lowrey and Lincoln, *and that all transactions between the two firms had been settled.*

The verdict, so far as it relates to the question of principal and surety—the only matter in dispute—is clearly against the evidence, and for that reason alone must be set aside, and a new trial awarded.

REVERSED AND REMANDED.

COBB, J. did not sit in this case, having been of counsel.